Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that no addition should have been made to the imported quantity for planing, tonguing, and grooving. The protests were therefore sustained.

**No. 46817.**—Protests 17805–K, etc., of Seaboard Lumber Sales Co., Ltd. (New York).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that no addition should have been made to the imported quantity for planing, tonguing, and grooving. The protests were therefore sustained.

**No. 46818.**—Protest 993398–G of Ballmill Lumber Co. (New York).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that no addition should have been made to the imported quantity for planing, tonguing, and grooving. The protest was therefore sustained.

BEFORE THE SECOND DIVISION, JANUARY 14, 1942

**No. 46819.**—Protests 981907–G, etc., of Sears, Roebuck & Co. (Los Angeles).

Opinion by KINCHELOE, J In view of the holding in *Riley* v. *United States* (8 Ct. Cust. Appls. 116, T. D. 37225), which was recently called to the court's attention, wherein certain woven woolen spreads used to cover the legs and body in automobiles, on couches, or in carriages were held dutiable as woven blankets, the merchandise in question was held dutiable as manufactures of cotton, not specially provided for, at 40 percent under paragraph 923 as claimed.

**No. 46820.**—Protests 31494–K, etc., of Schall & Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the decorated tin boxes are containers of the same character as those passed upon in Abstract 46175. In